# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 16-1670V
(not to be published)

|  |  |
|---|---|
| JENNIFER REED,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: October 31, 2019<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 20, 2016, Jennifer Reed ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a Tetanus Diphtheria acellular Pertussis ("Tdap") she received on March 28, 2016. (Petition at 1). On February

---

[1] Although I have not designated this Decision for publication, it will be made available on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1, 2019, then-Chief Special Master Dorsey issued a decision awarding compensation to Petitioner in the amount of $164,931.06.  (ECF No. 64).

Petitioner has now filed a motion for attorney's fees dated September 3, 2019, requesting a total award of $90,107.06, consisting of $84,192.50 in fees and $5,794.55 in costs (ECF No. 68) and $120.01 in out-of-pocket expenses incurred by Petitioner as stated in the signed General Order #9 (*Id.* at 2).  Respondent reacted to the motion on September 4, 2019, indicating he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case and defers to the Court's discretion to determine a reasonable award of attorneys' fees and costs in this case. (ECF No. 69). Petitioner filed a reply on September 5, 2019 in which she requests the Court grant all requested fees and costs in her application. (ECF No. 70).

For the reasons set forth below, I hereby GRANT Petitioner's motion in part, awarding final attorney's fees in the amount of $80,620.23.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done."  *Saxton* at 1521-22.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  (*Id.* at 484 n.1).  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

Petitioner requests fees in the amount of $84,192.50. This includes time billed by both attorney Leah Durant and attorney Mike Milmoe to attend and participate in a hearing that took place in Boston, Massachusetts in August 2018 before then-Chief Special Master Dorsey.  In the affidavit filed with Petitioner's motion for attorney's fees, Mr. Milmoe states that this hearing was the "first Vaccine Program surgical SIRVA case ever tried by this law firm." (ECF No. 68-3 at 3).  Mr. Milmoe also states that it was determined that although Ms. Durant is the attorney of record "it would be wise for me to serve as lead counsel." (*Id*).

Petitioner has not established why two very skilled and experienced attorneys were required to travel for a one-day hearing in a SIRVA case. Either attorney could have handled the matter alone. Mr. Milmoe also states in his affidavit that they prepared different witnesses for trial and this "prevented duplication of effort and prevented redundancy between the tasks performed by each attorney." *Id.*  Upon review of the time sheets, however, it appears that Ms. Durant and Mr. Milmoe billed duplicate time for attending the hearing, preparing Petitioner for hearing, reviewing evidence as well as travel to and from the hearing.[3]

However, the rates requested for Ms. Durant and Mr. Milmoe's time are reasonable and in accordance with what has been awarded to them on the past. Based on my experience in reviewing requests for attorney's fees, the overall amount requested is extraordinarily high, even considering that a hearing was held.  I find a reduction of the overall request for attorneys' fees by 10 percent to be appropriate.  This results in a reduction of **$8,419.25**.

## ATTORNEY COSTS

Petitioner requests reimbursement for attorney costs in the amount of $5,794.55 which include costs for medical records, filing fees, travel, and hearing transcripts. (ECF

---

[3] These examples include: August 21, 2018 (3 hrs) "Evaluate evidence. Participate in meetings with petitioner and fact witnesses. Prepare witnesses for hearing.", August 22, 2018 (3 hrs) "Review witness statements. Review of all charts, notes and medical records. Review of all Exhibits. Review medical chronology and medical consultant report. Prepare for fact hearing.", August 23, 2018 (4 hrs) "Review medical chronology. Prepare and participate in Damages Hearing." (ECF No 68-1 at 14 – 15).

No. 68-2).  I find most of the costs to be reasonable, but,  the cost for airfare and hotel to attend the damages hearing held on August 23, 2018, are excessive.  Both attended and participated in the hearing.  Ms. Durant submitted reimbursement for two first-class airline tickets from Washington, D.C to Boston, Massachusetts for the damages hearing.  (*Id.* at 11).  It is well established that the Vaccine Program does not compensate for upgraded methods of travel such as first-class airfare.  *Kreten v. Sec'y of Health & Human Servs.*, No. 15-504V, 2018 WL 6819553 (Fed. Cl. Spec. Mstr. Nov. 30, 2018); *Sharpe v. Sec'y of Health & Human Servs.*, No. 14-065V, 2018 WL 3990867 (Fed. Cl. Spec. Mstr. July 6, 2018); *McCulloch*, 2015 WL 5634323.

However, I will make an exception regarding the airline ticket for Mr. Milmoe.  In an affidavit, Mr. Milmoe explains that he has a medical condition which requires that he fly in a larger seat.  (ECF No. 68-3 at 4).  In support of his claim, Mr. Milmoe filed a letter from his physician who diagnosed his condition.  (*Id.* at 5 – 6).  Regarding the first-class airfare for Ms. Durant, there is no reasoning to support her purchase of a first-class ticket, but Mr. Milmoe's has been substantiated.  I will reduce the request for attorney costs by **$406.39**, the cost for Ms. Durant's first-class ticket.[4]

Petitioner also requests reimbursement for a hotel stay at Boston's Park Plaza Hotel for her attorneys from August 21 – 24, 2018, for a total of $1,509.03.  (ECF No. 71-1 at 22).  This total includes nightly hotel charges, tax, and room service charges. Neither Petitioner's motion or the affidavit filed by Mr. Milmoe however, provide an explanation for aspect of these costs and it is unclear to me why counsel arrived on August 21, two full days before the hearing.  The billing records show that three hours of time were billed on both August 21 and 22, and the minimal hours billed do not justify the need to arrive two days prior to the hearing incurring such a large expense for the hotel. I find the overall bill for the hotel stay excessive, and the request for costs incurred on August 21, 2018 is denied. Petitioner's request for attorneys' costs is reduced by **$661.19**.[5]

---

[4] Ms. Durant has previously had her request for attorney costs reduced for purchasing first class airfare. *Kreten*, 2018 WL 6819553 *3.

[5] This amount includes $521.55 room charge, $75.36 room tax, $44.28 room service dinner, $17.47 facility fee, $1.35 facility fee state tax, $1.18 facility fee city tax for a total of $661.19.

**CONCLUSION**

Accordingly, I **GRANT IN PART** Petitioner's motion for attorney fees and costs and award the total of **$80,620.23**[6] representing $80,500.22 in fees and costs, in the form of a check jointly payable to Petitioner and her counsel Leah VaSahnja Durant, and a lump sum of $120.01 representing reimbursement for Petitioner's out of pocket costs in the form of a check payable to Petitioner.

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, <u>924 F.2d 1029</u> (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.